**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4379**

───────────

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

    v.

TOMMY EDWARD YOUNG, SR.,

             Defendant – Appellant.

───────────

**No. 11-4380**

───────────

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

    v.

TOMMY EDWARD YOUNG, JR.,

             Defendant – Appellant.

───────────

Appeals from the United States District Court for the Southern
District of West Virginia, at Charleston.  Thomas E. Johnston,
District Judge.  (2:09-cr-00223-1; 2:09-cr-00223-2)

───────────

Argued:  March 20, 2012           Decided:  April 30, 2012

───────────

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

**ARGUED:** Matthew A. Victor, VICTOR VICTOR & HELGOE LLP, Charleston, West Virginia; Jane Moran, Williamson, West Virginia, for Appellants. Susan M. Robinson, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee. **ON BRIEF:** R. Booth Goodwin II, United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Tommy Edward Young, Sr. and Tommy Edward Young, Jr. (the "Youngs") of conspiracy to transport and sell stolen property and vehicles, in violation of 18 U.S.C. § 371, as well as substantive counts arising out of specific thefts. The district court sentenced Young, Sr. to 132 months imprisonment and Young, Jr. to 58 months imprisonment. In this consolidated appeal, the Youngs contend, among other things, that the district court erred in denying their motion to suppress evidence obtained pursuant to two searches of their property. For the reasons below, we affirm.[1]

During the course of an investigation into the Youngs regarding stolen property, the Clay County Sheriff's Office performed two searches of the Youngs' property. Upon receiving a tip from the Youngs' neighbor, the Sheriff's Office performed the first search on March 10, 2006. After aerial surveillance confirmed the presence of a mini-excavator, the Sheriff's Office recovered the excavator near the Youngs' property line. However, no one could confirm whether the excavator was actually located on the Youngs' property.[2]

---

[1] The Youngs raise six other issues, none of which has merit.

[2] The Youngs do not challenge the constitutionality of the aerial surveillance.

The second search occurred two weeks later when the Sheriff's Office responded to a tip regarding potential stolen property located approximately one-quarter mile from the Youngs' residence. When driving along a road that was used by people in addition to the Youngs to investigate the tip, an officer drove past the Youngs' property and observed four other equipment trailers sitting along the side of the road. Based upon this observation and the fact that two trailers had recently been reported stolen, the Sheriff's Office obtained a search warrant. When officers later executed the warrant, they seized several items, including four trailers, at least one of which they conclusively identified as having been stolen.

As they did before the district court, the Youngs claim that the two searches violated their Fourth Amendment rights. The Fourth Amendment protects individuals from unreasonable searches and seizures when they have a reasonable expectation of privacy. Although the Fourth Amendment recognizes that an individual has a reasonable expectation of privacy in his home and its curtilage, the "special protection accorded by the Fourth Amendment to the people in their persons, houses, papers, and effects, is not extended to the open fields." <u>Oliver v. United States</u>, 466 U.S. 170, 176 (1984)(internal citations and citation marks omitted). Therefore, "an individual has no legitimate expectation that

4

open fields will remain free from warrantless intrusion by government officers." Id. at 181.

After considering the requisite factors, the district court found that the first search occurred in open fields and not within the curtilage of the Youngs' home. As to the second search, the court found that the officers executed a valid search warrant. In the alternative, the court concluded that the open fields doctrine also justified the second search. Therefore, the court held that the searches did not violate the Youngs' Fourth Amendment rights and, consequently, denied the Youngs' motions to suppress evidence obtained pursuant to the searches.

Courts consider four factors when deciding whether a search occurred within the curtilage or open fields: (1) the proximity of the area to the home, (2) the presence of an enclosure connecting the property to the home, (3) how the property is used, and (4) steps taken to prevent observation of the area by passers-by. See United States v. Vankesteren, 553 F.3d 286, 289 (4th Cir. 2009) (citing United States v. Dunn, 480 U.S. 294, 301 (1987)).

Applying these four factors, we find that the mini-excavator recovered in the first search was located in open fields. The Sheriff's Office found it at least 500 feet from the Youngs' residence; indeed, the Youngs could not even

5

identify if the mini-excavator was actually located on their property. Additionally, the Youngs took no steps to prevent observation of the area.

As to the second search, we find that the affidavit supporting the search warrant contained sufficient, individualized information to support a finding of probable cause. Furthermore, the second search was also justified by the open fields doctrine because the land on which the recovered equipment trailers were found was not within the Youngs' curtilage. The land was not immediately next to the Youngs' residence, there was no enclosure connecting the land to the residence, and the Youngs had taken no steps to prevent observation of the land or the trailers sitting on it. Therefore, we find no reversible error in the district court's disposition of this issue. Accordingly, we affirm the denial of the two motions to suppress.

For the foregoing reasons, we affirm the judgment and sentences imposed by the district court.

AFFIRMED

6